UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN-GAYLE COLEMAN and ROBERT CASTRO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION and USAA GENERAL INDEMNITY COMPANY,<br><br>Defendants. | Case No.: 21-cv-217-CAB-LL<br><br>**ORDER ON MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>[Doc. No. 25] |

This matter comes before the Court on Defendants United Services Automobile Association and USAA General Indemnity Company's (collectively, "Defendants") motion to certify an immediate interlocutory appeal from the Court's June 22, 2021 Order on Defendants' Motion to Dismiss. [Doc. No. 22.] The motion has been fully briefed and the Court finds it suitable for determination on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For the reasons set forth below, the motion is **DENIED**.

### I.   LEGAL STANDARD

Defendants wish to pursue an interlocutory appeal of this Court's order granting in part and denying in part their motion to dismiss. [Doc. No. 22.] The statutory standard for certifying questions for interlocutory appeal is set forth in 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . . That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Certifying questions for interlocutory appeal thus requires the district court to find: "(1) that there [is] a controlling question of law, (2) that there [are] substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). All three must be met for a court to certify a question, and the party pursuing the interlocutory appeal bears the burden of so demonstrating. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Requests to certify an order for interlocutory appeal should be granted "only in extraordinary cases," and not "merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *see also James*, 283 F.3d at 1068 n.6 (noting that certification is appropriate only in "rare circumstances"). Courts traditionally will find that a substantial ground for difference of opinion exists where "novel and difficult questions of first impression are presented." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (citing *Couch*, 611 F.3d at 633). However, "just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Couch*, 611 F.3d at 633. Nor is a party's "strong disagreement with the Court's ruling" sufficient to establish a substantial difference of opinion. *Id.* Rather, the party bearing the burden must show that "exceptional circumstances" exist that "justify a departure from the basic policy of postponing appellate review until after the entry of a

final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978), *superseded on other grounds by statute*, FED. R. CIV. P. 23(f), *as recognized in Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017).

## II.   DISCUSSION

Here, Defendants have not met their burden to establish that there are substantial grounds for difference of opinion warranting certification. *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Defendants argue that substantial grounds for difference of opinion exist because there is no legal precedent interpreting the statutory meaning of Section 11628(f)(1) of the California Insurance Code, and because "no court has ever applied [section 394(a) of the California Military and Veterans Code] outside of the employment context" as this Court has. [Doc. No. 25-1 at 13, 17.] These are not sufficient reasons to warrant the extraordinary step of certifying an order for interlocutory review.

While the Court noted in its order that it had not located legal precedent interpreting the statutory meaning of section 11628(f)(1), "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *Couch*, 611 F.3d at 634. Nor have Defendants pointed to "a single case that conflicts with the district court's construction or application" of section 11628(f)(1). *Id.* at 633. Defendants merely repeat the same arguments from their motion to dismiss, which this Court rejected. Defendants' disagreement with the Court's ruling, no matter how strong, does not warrant interlocutory appeal.

As for section 394(a) of the Military and Veterans Code, Defendants cite to various cases that purportedly show disagreement by reasonable jurists as to whether Plaintiffs can state a viable claim of military discrimination. Defendants first cite to cases rejecting section 394 claims where the defendant would have taken the same action without regard to the plaintiff's military service. [Doc. No. 25-1 at 15.] Defendants' citations ignore that Plaintiffs stated their claim under the specific provision of section 394(a) referring to discrimination with respect to a military member's "status" in the military, not just their general service. Defendants next cite to a case from the California Court of Appeal for the

proposition that only employers may be held liable for discriminatory actions in violation of the statute. *Haligowski v. Super. Ct.*, 200 Cal. App. 4th 983, 988 (2001). However, the case cited by Defendants addresses whether a supervisor can be individually responsible for discriminatory actions taken while performing management functions for that employer. *Id.* at 987. It does not address or preclude the possibility that section 394(a) applies to discriminatory action taken by individuals outside the employment context. Another case previously cited in the order at issue supports the Court's conclusion: "The unique language of subsection 394(a) clearly expands the application of the subsection beyond the employment context." *Kirbyson v. Tesoro Ref. & Mktg. Co.*, No. 09-3990 SC, 2010 WL 761054, at *5 (N.D. Cal. Mar. 2, 2010). Defendants' citations thus do not establish a difference of opinion as to the Court's interpretation of section 394(a).

Finally, the statutory provisions at issue did not require the Court to rule on "difficult questions of first impression." *Couch*, 611 F.3d at 633. Rather, the Court applied basic principles of statutory interpretation—harmonizing related provisions, applying the plain meaning rule—in analyzing the California statutes at issue in this case. [Doc. No. 22 at 12-13, 17-18.] The "fact that no California court has addressed the precise questions at issue" does not satisfy the requirement of substantial ground for disagreement. *Couch*, 611 F.3d at 634.

### III.   CONCLUSION

For the reasons set forth above, Defendants have not established that this case warrants certifying the Court's order for interlocutory appeal. This is simply not the "rare circumstance" where such certification would be warranted. *James*, 283 F.3d at 1068 n.6. Accordingly, Defendants' motion to certify an immediate interlocutory appeal is **DENIED**.

It is **SO ORDERED**.

Dated:  September 2, 2021

Hon. Cathy Ann Bencivengo
United States District Judge