**CONSUMER WATCHDOG**
Harvey Rosenfield (SBN: 123082)
Harvey@ConsumerWatchdog.org
Benjamin Powell (SBN: 311624)
Ben@ConsumerWatchdog.org
6330 South San Vincente Blvd.,
Suite 250
Los Angeles, CA 90048
Tel: (310) 392-0522

**MEHRI & SKALET, PLLC**
Jay Angoff *(Pro Hac Vice)*
Jay.Angoff@findjustice.com
Cyrus Mehri *(Pro Hac Vice)*
CMehri@findjustice.com
Michael Lieder *(Pro Hac Vice)*
MLieder@findjustice.com
2000 K Street NW, Suite 325
Washington, D.C. 20036
Tel: (202) 822-5100

**MASON LLP**
Gary Mason *(Pro Hac Vice)*
GMason@MasonLLP.com
Danielle Perry (SBN: 292120)
DPerry@MasonLLP.com
5335 Wisconsin Avenue NW
Suite 640
Washington, D.C. 20015
Tel: (202) 429-2290

*Attorneys for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN-GAYLE COLEMAN, and ROBERT CASTRO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED SERVICES AUTOMOBILE ASSOCIATION and USAA GENERAL INDEMNITY COMPANY,<br><br>Defendants. | Case No. 3:21-cv-00217-RSH(KSC)<br><br>**JOINT STATUS REPORT AND PROPOSED CASE MANAGEMENT SCHEDULE**<br><br>**Trial:**<br>Date:       Unscheduled<br>Courtroom:  Unscheduled<br>Judge:      Hon. Robert S. Huie |

Pursuant to Magistrate Judge Crawford's order of January 12, 2024 (Doc. No. 134), Plaintiffs Eileen-Gayle Coleman and Robert Castro ("Plaintiffs") and Defendants United Services Automobile Association ("United Services") and USAA General Indemnity Company ("GIC, and collectively with United Services, "USAA"), by and through their respective counsel, submit this joint status report and proposed case management schedule.

## JOINT STATUS REPORT

### Finalizing and Disseminating Class Notice

1. The class having been certified, class notice needs to go out. On January 25, 2024, Plaintiffs provided to USAA a draft class notice and a draft plan for providing the notice. USAA is reviewing the documents. The parties hope to agree on the form and content of the notice and the plan for distributing notice and to submit a joint or unopposed motion asking for approval of the documents.

2. On January 22, 2024, Plaintiffs also provided USAA with a list of policy numbers for policyholders that Plaintiffs contend are included in the certified class. Once USAA confirms that Plaintiffs' list accurately reflects those policyholders that are included in the certified class using Plaintiffs' experts' methodology, USAA will provide the names of those policyholders and their most current mail and email addresses to the extent known, but does not yet know how long it will take to gather that information.

### Pretrial Motions and Proceedings

3. All lay and expert discovery has been completed and neither party intends to ask for additional discovery.

4. Plaintiffs plan to move for partial summary judgment on liability but not damages for the Good Driver Class on their UCL claim for violation of Cal. Ins. Code § 1861.16(b) (Claim 1 in the First Amended Complaint).

5. Defendants likewise plan to seek summary judgment and/or partial summary judgment.

6. The parties also have stipulated to dismiss Plaintiffs' un-certified claims for violations of the Unruh Civil Rights Act (Claim 3) and California Military & Veterans Code section 394(a) (Claim 4).

7. Although the parties plan to move for summary judgment before class members' deadline to opt out of the class, the Court should not decide the motions until after the opt-out deadline and after the list of class members who have not opted out has been finalized—and Defendants would object to any dispositive ruling before that time. *See, e.g., Gomez v. Rossi Concrete, Inc.*, No. 08cv1442 BTM (CAB), 2011 U.S. Dist. LEXIS 15852 (S.D. Cal. Feb. 16, 2011). The parties will notify the Court when they believe the summary judgment motions are ripe for a decision.

8. The parties agree that Plaintiffs' UCL claim must be tried to the Court, not a jury. *See Nationwide Biweekly Admin. Inc. v. Superior Ct.*, 9 Cal. 5th 279, 297-305 (2020).

**Mandatory Settlement Conference**

9. The parties believe that the best time for a mandatory settlement conference will be after the opt out deadline and after summary judgment briefing is complete but before there has been a decision on summary judgment.

**PROPOSED CASE MANAGEMENT SCHEDULE**

The proposed schedule is:

(a) On or before February 16, 2024, Plaintiffs will file a motion for approval of class notice and of a plan for disseminating notice and for class members to exercise their right to opt out. The motion will either be unopposed or the parties will identify the provisions in the notice

and/or plan about which they dispute and present their competing positions and explanations for those positions;[1]

(b) Discovery is closed;

(c) For purposes of their cross-motions for summary judgment, the parties will use best efforts to stipulate to a list of undisputed facts by April 12, 2024. The stipulation shall not preclude either party from seeking to present additional facts in support of or opposition to summary judgment;

(d) Motions for summary judgment and supporting briefs and evidentiary materials (to the extent parties seek to present additional facts) will be due by May 10, 2024;

(e) Oppositions to the other party's motion for summary judgment will be due by May 31, 2024;

(f) Parties' replies in support of their motions for summary judgment will be due by June 14, 2024;

---

[1] On January 24, 2024, Plaintiffs sent USAA a list of individuals (by USAA member number) whom they believe are members of the certified Good Driver Class. USAA will work expeditiously to confirm the accuracy of the list, locate the most current contact information for these individuals, and then provide that information to the administrator. The parties recognize, however, that this process may take several days or weeks to accomplish correctly; the parties anticipate some limited back-and-forth on both sides once the process begins. For this reason, the parties anticipate that the administrator might not have all of the required contact information before Plaintiffs file their motion for approval on or before February 16, 2024. Still, the parties anticipate that by the time the Court approves the notice plan, the administrator will have the information necessary to carry out that plan—and they will update the Court if that prediction turns out to have been too optimistic.

    (g)    The initial mandatory settlement conference required by Local Rule 16.3 will occur after June 14, 2024, and before August 16, 2024, as Magistrate Crawford's schedule permits;

    (h)    The parties have also agreed to explore private mediation; if they decide before the initial mandatory settlement conference occurs to engage in private mediation, they will promptly so advise Magistrate Judge Crawford;

    (i)    The parties will comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by November 1, 2024;[2]

    (j)    On or before November 8, 2024, the parties shall meet and confer as required by Local Rule 16.1.f.4.a to facilitate preparation of a proposed pretrial order described in paragraph (m) below.

    (k)    Any motion(s) to exclude the other side's expert witness(es) for trial will be due by November 8, 2024, with opposition briefing due on December 2, 2024, and reply briefing due on December 13, 2024.

    (l)    On or before December 6, 2024, Plaintiffs shall provide Defendants with a proposed pretrial order described in paragraph (m) below for review and approval as required by Local Rule 16.1.f.6.a.

    (m)    On or before December 13, 2024, the parties shall lodge with Judge Huie's chambers a proposed pretrial order addressing the following

---

[2] This and all of the following trial-related dates (paragraphs (i)-(o)) relate only to the contemplated bench trial on Plaintiffs' "unlawful" UCL claim (Claim 1). These dates also assume the Court has ruled on the parties' cross motions for summary judgment by October 18, 2024. If the Court has not issued a ruling on those motions by October 18, 2024, the parties intend to seek a continuance of these deadlines, because it would waste private and judicial resources to prepare for a trial before dispositive motions have been resolved.

4

topics identified in Local Rule 16.1.f.6.c, as modified because the case will be tried to the Court instead of a jury:

1. A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

2. A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

3. A list of additional witnesses, including experts, counsel do not expect to call but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

4. A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.

5. A list of all other exhibits that counsel do not expect to offer but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

6. A statement of all facts to which the parties stipulate in addition to those stipulated in connection with summary judgment (see paragraph (d) above).

7. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

8. A list of any objections that each counsel has to the other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

(n) Judge Huie shall conduct the final pretrial conference on __, 202__, at __:__ _.m.

    (o)    Trial shall commence on _____ \_\_, 202\_.

| | |
|---|---|
| Dated: January 26, 2024 | CONSUMER WATCHDOG; MEHRI & SKALET, PLLC; MASON LLP |
| | By: /s/ Michael D. Lieder<br>Michael D. Lieder |
| | *Attorneys for Plaintiffs and Proposed Class* |
| Dated: January 26, 2024 | GIBSON, DUNN & CRUTCHER LLP |
| | By: /s/ Kahn Scolnick<br>Kahn Scolnick |
| | *Attorneys for Defendants* |

## CERTIFICATION

I, Michael Lieder, am the ECF user whose identification and password are being used to file this document. In compliance with the Electronic Case Filing Administrative Policies and Procedures § 2(f)(4), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 26, 2024　　　　　　　　　　　　/s/ Michael D. Lieder
　　　　　　　　　　　　　　　　　　　　　　　Michael D. Lieder